State vs. Joseph et al.

### No. 9487.

### THE STATE OF LOUISIANA VS. NARCISSE JOSEPH ET AL.

An appeal in a criminal case made returnable " *according to law* " and which ought to be returned at the place where the court holds sessions, will be dismissed, *proprio motu,* when the transcript is filed at an improper time and place, where the court was not sitting.

When such an appeal is granted and the transcript is certified in June, from Iberville parish, the transcript should have been filed either at Monroe, or Opelousas, at which the court was holding sessions in that and the following month and not at New Orleans where it was not sitting.

The State as well as the accused has an interest in the speedy determination of criminal cases.

APPEAL from the Twenty third District Court Parish of Iberville. *Talbot,* J.

*Alex. Hebert,* District Attorney, for the State, Appellees.

*Chas. O. Lauve* and *David N. Barrow* for Defendants and Appellees.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The accused were convicted of conspiracy to commit murder and sentenced to hard labor.   They appealed.

Watson and Johnson have abandoned formally their appeal.   That taken by Narcisse Joseph is the only one before us.

He was sentenced to five years, on the 15th of June last, and on the same day moved for an appeal, which was instantly "granted returnable to the Supreme Court of the State of Louisiana *according to law.*"

The transcript was immediately presented by the clerk, certified on the following day, (16th) and filed in the clerk's office, in this city, on the 29th of the same month.

The appeal allowed having been made returnable to this Court according to law, and the law requiring that appeal in all criminal cases be made returnable before this Court at its next term, wherever held, there to be tried by preference—the transcript of appeal, ready

when it was, should have been filed, not in the clerk's office at New
Orleans, where the court was not sitting, but if not at Monroe, at least
at Opelousas, where the Court was holding sessions in June and July.
Act 30 of 1878, Sec. 4, p. 56; Act No. 69, 1884, p. 92.

To allow appellants in such cases, to elect at their convenience, the
place at which the transcript of appeal is to be filed, when the appeal
is granted by the court, returnable "*according to law*," would be to
nullify the law which requires appeals in criminal cases, to be sum-
marily returnable and tried, at the place at which the court sit when
the appeal is taken, and practically to permit appellants to designate
for themselves a return day, different from that fixed by law and to
postpone, for an indefinite period, the speedy trial of cases in which
as well as the accused, the State has a deep interest.

This Court has settled, and it has become a rule of practice, that an
appeal returnable on appellant's own motion and suggestion at a time
and place other than those provided by law, will be dismissed by the
court *proprio motu.* 27 Ann. 540; 32 Ann. 692, 542; 35 Ann. 980;
Minor vs. Budd *ante*, p.——— 36 Ann. 865, State vs. Jenkins.

It is, therefore, ordered, that the appeal be dismissed with costs.

Todd, J., takes no part.

Rehearing refused.